## WILLIAM S. ATWOOD *vs.* FRANCES B. SCOTT.

On the trial of an action for money lent, evidence that the defendant had money in his possession at a certain time is inadmissible to corroborate his testimony that at a time soon afterwards he repaid the plaintiff.

On the trial of an action for money lent on the alleged representation of the defendant that he could not pay rent and his landlord was about to sue for possession of the tenement, the defendant testified that he paid rent punctually and never had difficulty with the landlord. *Held*, that, to contradict him, and to show his want of means, the plaintiff might prove by the record of the court that just before the time of the alleged loan the landlord commenced such an action, in which the defendant appeared and consented to judgment against himself, and that no execution issued on the judgment.

A witness in a civil case is not bound to attend court after the time for which his fees have been paid or tendered to him.

CONTRACT for money lent to the defendant and money paid to her use at her request.   Answer, accord and satisfaction.

At the trial in the superior court, before *Rockwell*, J., the defendant having testified that she repaid to the plaintiff three hundred dollars at one time; twenty-five dollars each, at two other times; and a hundred and fifty dollars at a fourth time, was allowed, for the purpose of corroborating her testimony, and against the plaintiff's objection, to introduce evidence that immediately before said first and fourth times she had considerable sums of money in her possession.

The plaintiff testified that he lent part of the money sued for n the defendant's representation that she could not pay her rent and that John Nute, her landlord, was about to commence an action against her for possession of the house which she occupied.   The defendant testified, on the contrary, that she paid her rent regularly and had no difficulty with her landlord.   The

plaintiff then offered to show by the record of the municipal court of the city of Boston, where the defendant resided, that immediately before he lent her that part of the money Nute obtained a judgment against her for possession of the house in an action in which she appeared by counsel and consented to a default, and that no execution was ever issued on the judgment; but the judge refused to admit such evidence.

During the trial, the plaintiff applied for a *capias* for a witness whose testimony he claimed to be material, who had been in attendance the day before and been paid his fees for that day, but had not been paid or tendered, nor had asked, any fees for further attendance. The judge refused the application; ruling that it was the plaintiff's duty to tender fees to the witness for the second day without waiting for the witness to ask for them, and that, not having done so, he was not entitled to the writ; and the plaintiff was obliged to rest his case without the testimony of this witness.

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. D. Thomson,* for the plaintiff.

*S. E. Floyd,* for the defendant, submitted the case without argument.

CHAPMAN, C. J. Experience is not sufficiently uniform to raise a presumption that one who has the means of paying a debt will actually pay it. Accordingly it is held that the fact that a debtor has had such means is not evidence tending to show that the debt has been paid. *Hilton* v. *Scarborough,* 5 Gray, 422. On the other hand, the fact that one has not had the means to make certain payments is evidence tending to show that he has not made them, and such evidence is held to be admissible. *Stebbins* v. *Miller,* 12 Allen, 591. *Winchester* v. *Charter,* 97 Mass. 140.

The defendant's testimony that she had considerable sums of money in her possession, was erroneously admitted for the purpose of corroborating her testimony that she had paid the plaintiff; and the evidence as to Nute's judgment against her was erroneously excluded, because it tended not only to show

her want of means, but to contradict her testimony that she paid her rent punctually and had no difficulty with her landlord.

The *capias* which the plaintiff applied for was rightly refused, because a person is not bound to attend court, or remain in attendance, as a witness, unless his fees have been paid or tendered to him. This seems to the court to be a reasonable construction of the statute; Gen. Sts. *c.* 131, § 3; and to impose no unreasonable burden upon parties.

*First and second exceptions sustained; third exception overruled.*