# PHILLIPS v. LEWIS.

(Supreme Court, Appellate Division, First Department. December 22, 1896.)

1. TRIAL—VERDICT—SUFFICIENCY.

In an action for $650, the balance due for board at $30 per week, after crediting payments amounting to $325, defendant alleged that the rate was $15 per week, aggregating $487.50, and that she had paid $715, and set up a counterclaim for the difference. The figures as to the several payments were disputed. *Held*, that a verdict for defendant, not allowing the counterclaim, did not indicate that the jury were misled, or failed to understand the evidence.

2. SAME—FORM OF VERDICT.

In an action for a money judgment, in which defendant pleads payment, and sets up a counterclaim, a verdict "for defendant" simply is sufficient, as to form, to defeat plaintiff's claim.

3. APPEAL—HARMLESS ERROR.

Error in a verdict, in not awarding defendant the amount of a counterclaim set up, is, as to plaintiff, harmless error.

4. EVIDENCE—REBUTTAL—COMPETENCY.

    Where plaintiff, in an action for board, in which defendant pleaded payment, gave evidence that defendant was without means at the time of the alleged payments, defendant could show the receipt of money which enabled her to make the payments.

Appeal from trial term, New York county.

Action by Mary Phillips against Margaret Lewis for board. From a judgment entered on the verdict in favor of defendant, and from an order denying a motion for a new trial made on the minutes, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

M. C. Milnor, for appellant.

John P. Herren, for respondent.

WILLIAMS, J. The action was brought to recover a balance alleged to be due and owing for board and lodging. There was concededly an express agreement made between the parties, but they disagreed at the trial as to the terms of the agreement. The board and lodging extended from September 15, 1887, to May 1, 1888, a period of $32\frac{1}{2}$ weeks. The plaintiff claimed the defendant was to pay $30 per week, payment to be made from time to time, and any balance remaining unpaid to be paid when the defendant sold certain Mexican land improvement bonds which she held (and concededly those bonds were sold in August, 1889); that the amount of the board and lodging for the entire period was $975; that defendant paid thereon, in October, 1887, $75, and in January, 1889, $250, —thus leaving unpaid $650, for which the action was brought. The defendant denied that she was to pay $30 per week, and that there was credit given for any amount until the sale of the bonds. She claimed that the agreed price for the board and lodging was $15 per week, and that she had fully paid for the same, and, in addition, had advanced to the plaintiff the sum of $227.50, for which she demanded an affirmative judgment against the plaintiff. Evidence was given by the parties as to their respective claims, and the whole matter was submitted to the jury, and a verdict was rendered in favor of the defendant.

The questions of fact were clearly for the jury, and it was their province to determine whether the agreement was for $30 per week, or $15 per week, and what amount had been paid by the defendant thereon. It is said that the verdict was improper, in that, being for the defendant, it did not award her the amount of her counter-claim, $227.50. The verdict, evidently, was based upon the finding that the agreement was for $15, rather than $30, per week, and upon the finding that the defendant had paid nothing in excess of the amount owing to the plaintiff under a contract for $15 per week. The jury had a right to so find. This action was not brought until April, 1894, nearly six years after the board and lodging had ceased, and no action had been brought by the defendant for any alleged advancements or overpayment to the plaintiff. The jury found the agreed price per week was $15, amounting, in all, to

$487.50. The plaintiff claimed she had been paid only the sum of $325, while the defendant claimed she had paid $715. The jury were not bound to take all the figures as to the payments given by either party, and they may well have concluded that the account had in fact been balanced long before the action was commenced, inasmuch as neither party brought any action for nearly six years to recover any balance alleged to be owing and unpaid.

But, if the verdict was erroneous in not awarding to the defendant the amount of her counterclaim, she alone could complain of such error. The plaintiff cannot ask for a reversal of the judgment for that reason. It is unnecessary to refer to the cases cited by counsel upon this subject. They were cases where the figures were conceded and undisputed, and where the injured party asked for relief. Here the figures as to the payments are disputed, and the plaintiff, who asks for relief, was benefited, rather than injured, by the failure of the jury to award to the defendant anything for her counterclaim. We do not think the verdict indicates that the jury were misled, or failed to understand the evidence or the nature of their verdict.

There is nothing in the claim that the verdict was incomplete. The form was proper, and its meaning beyond doubt. If the verdict had been in favor of the defendant for the amount of her counterclaim, it would have been in favor of defendant for $227.50; but, not having been for the counterclaim, its form, "for defendant," simply, was proper. The effect was to defeat the plaintiff as to her claim, and to award nothing to the defendant for her counterclaim. The verdict was supported by sufficient evidence, and should not be disturbed, unless some error was committed by the court in the rejection or admission of evidence, or in the charge to the jury.

Our attention is called to many exceptions taken during the trial, all of which we have carefully examined and considered. Only a few of them are of sufficient importance, however, to require discussion in this opinion. The plaintiff gave evidence tending to show that the defendant was without means to make some of the payments which the defendant testified she did make,—among others, one of $90 on June 15, 1887, and one between July 21 and July 26, 1887. In reply to this evidence, the defendant produced witnesses who testified to having paid her $524, June 15, 1887, and $730 some time in July, 1887. This evidence was referred to by the court in the charge. The plaintiff objected to the evidence of the payment of the $524, and excepted to its admission, and to the remarks by the court in reference to these payments in its charge. It having been claimed by the plaintiff that the defendant was without means to make the payments she claimed to have made, it was competent for the defendant to show, by any competent evidence, that she did have such means. It did not tend to show that she made the payments to plaintiff, but it tended to contradict the evidence on the part of the plaintiff that she had no means with which to make such payments. The plaintiff was urging want of means as a reason why the jury should discredit the defendant's evidence that she made the payments to plaintiff. Certainly, the defendant had the

right to answer and meet this erroneous claim on the plaintiff's part. There was some misunderstanding as to the remarks of the court in its charge upon this subject, but the meaning of the court was made clear before the jury were sent out to deliberate upon their verdict.

It is said the court, upon the motion of plaintiff, should have held that the defendant's counterclaim was barred by the statute of limitations. The court apparently left this question to the jury. The jury awarded the defendant nothing by way of counterclaim. If there was any error in submitting this question to the jury, the defendant was not prejudiced by such error. It might be said the jury failed to award anything for defendant's counterclaim because they found the statute of limitations barred such claim,—an additional suggestion in favor of the correctness of the verdict rendered.

We do not deem it necessary to refer in detail to the other exceptions taken by the plaintiff in the course of the trial. None of them are of such a character as to call for the reversal of the judgment.

The judgment should be affirmed, with costs. All concur.