ELMER v. LEVIN et al.

(Supreme Court, Appellate Term.  October 27, 1905.)

1. APPEAL—PREJUDICE—INCONSISTENT VERDICT.
   Plaintiff sued for an alleged wrongful discharge under a contract of employment for a definite period, while defendants contended that the employment was terminable at will and counterclaimed for an excess of advances made to plaintiff over commissions earned by him and alleged a promise by plaintiff to repay the difference so arising.  *Held* that, as such issues were unrelated, a verdict in defendants' favor for six cents conclusively established the issue of wrongful discharge against plaintiff, and did not constitute error of which he could complain, though as against defendants the verdict included a finding that plaintiff had agreed to refund the excess of withdrawals, and should have been substantial.

2. SAME—JUDGMENT—CONFORMITY TO VERDICT.
   An objection that the judgment does not conform to the verdict is matter for a motion in a trial court, and cannot be made in the first instance on appeal.
   [Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 1409, 1410.]

Appeal from City Court of New York.

Action by Irving Elmer against Louis Levin and others.  From a judgment of the City Court of New York in favor of defendants, plaintiff appeals.  Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and FITZGERALD, JJ.

David Bernstein, for appellant.
Alfred D. Lind, for respondents.

BISCHOFF, J.  The plaintiff asserted his wrongful discharge under a contract of employment for a definite period, while the defendants contended that the employment was terminable at will.  Further, a counterclaim was set up for the excess of advances made to, over commissions earned by, the plaintiff, and there was an issue as to the terms of the agreement with respect to the employé's promise to repay the amount of a difference thus arising.  The jury found a verdict for six cents for the defendants, and the plaintiff appeals.

We do not find ground for a reversal of this judgment at the plaintiff's instance, because of the apparently inconsistent nature of the verdict.  True, any damages awarded the defendants, including a finding that the plaintiff had agreed to refund the excess of withdrawals, should have been substantial; but the error touched the case at a point where the plaintiff's defeat had been already registered, and where the measure of the defendants' victory was to be made.  The finding for the defendants concluded the issue of a wrongful discharge against the plaintiff, and the counterclaim was then alone involved; but here was a distinct issue of a promise by the plaintiff to pay something, which promise the nominal verdict found was made, without, however, imposing his consistent liability.  Since the correctness of the finding upon the issue of the plaintiff's right to damages was unrelated to the

inconsistent feature of the verdict upon a distinct issue, there is no ground for an appeal by this party. He was not a party aggrieved.

Where a verdict, in awarding too little, suggests that the jury conceded, but compromised upon, the other party's right to all, the result is not to be permitted to stand, as has been many times declared by the authorities; but such is not the situation here. The distinction is noted in the case of Phillips v. Lewis, 12 App. Div. 460, 42 N. Y. Supp. 707. We find no error in the rulings upon the trial, and the objection that the judgment does not conform to the verdict was matter for a motion in the court below, not for appeal in the first instance.

Judgment affirmed, with costs. All concur.