ANDREW J. DICK, Appellant, v. SUSIE MARVIN, Respondent.

EVIDENCE — PAYMENT — WHEN EVIDENCE, TENDING TO SHOW THAT A DEFENDANT HAD SUFFICIENT MONEYS TO MAKE PAYMENTS ALLEGED, IS ADMISSIBLE TO PROVE PAYMENT. Where the plaintiff, upon the trial of an action, brought to recover a balance alleged to be due upon three promissory notes, in which the defense of payment was pleaded, endeavored to show by the cross-examination of defendant that she had not been in possession of sufficient money to pay such balance during the period in which she testified that she had paid it, the evidence of a witness that he had loaned money to defendant at different times during the period in question is competent and admissible to show that the defendant had sufficient moneys to make the payment as alleged.

Dick v. Marvin, 112 App. Div. 904, affirmed.

(Argued April 22, 1907; decided May 10, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 30, 1906, affirming a judgment in favor of defendant entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

N. F. Breen for appellant. It was not proper for defendant to call witnesses to show where she got the money she claimed to have paid. (Daby v. Ericsson, 45 N. Y. 786; Hilton v. Scarborough, 5 Gray, 422.)

*Archie C. Ryder* and *John N. Carlisle* for respondent. It was competent to show that the defendant had or procured money with which the payments might have been made. (*Dishno* v. *Reynolds*, 17 Hun, 137; *Ostrander* v. *Snyder*, 73 Hun, 378; 148 N. Y. 757; *Planter* v. *Planter*, 78 N. Y. 90.)

WILLARD BARTLETT, J.   This action was brought to recover a balance alleged to be due upon three promissory notes. The defense was payment. The case was tried before a referee who found in favor of the defendant. The judgment entered upon his report was unanimously affirmed by the Appellate Division. The appeal to this court presents only one question which we deem it necessary to discuss.

The defendant was a witness in her own behalf and testified on her direct examination that she had paid to the plaintiff the balance due upon the promissory notes which he sought to recover in this action. Upon cross examination the learned counsel for the plaintiff endeavored to show by a long series of questions that the witness had not been in possession of sufficient money to pay her indebtedness to the plaintiff during the period when she testified that she had paid it. That such was the purpose of the portion of the cross-examination to which we refer appears beyond question by a statement of counsel to the referee in the course of that examination, where he said: "I want to show where this woman got all this money to show in the end that she did not have all the money that she said she had and, therefore, she could not pay it."

The defendant subsequently called to the stand a witness named Edwin E. Ellinwood who testified that he had loaned money to her at different times during the period in question. Counsel for the plaintiff objected to some of the questions by which this testimony was elicited on the ground that proof of the fact that witness had loaned any money to the defendant was incompetent and immaterial. The objections were overruled and exceptions were duly taken. These rulings present the question whether in an action on contract where

the·defense is payment and the plaintiff has sought to defeat that defense by proof of the defendant's inability to pay, it is competent for the defendant to introduce the evidence of other witnesses to prove the possession of sufficient moneys wherewith to make the payment.

We are not referred to any case in this court in which this precise question has been decided. Indeed, the only decision bearing on the subject cited by either party is *Dishno* v. *Reynolds* (17 Hun, 137); but that case is not exactly in point. There the plaintiff sought to recover a sum alleged to have been paid to the defendant in excess of the amount due him on a bond and mortgage; and the plaintiff was allowed to introduce the evidence of another person showing that prior to the execution of the bond and mortgage he had paid the plaintiff a sum of money large enough to enable him to make the alleged overpayment. The General Term in the third department (LEARNED, BOARDMAN and BOCKES, JJ.) held such evidence, although not very cogent, was admissible as tending to establish a fact which in the judgment of the jurors might aid them in arriving at the probable truth. There, it will be observed, testimony tending to establish the ability of the party to make the payment in question was adduced in the first instance by that party himself and in advance of any attempt to show upon the trial that he was not of sufficient means to make the payment which he claimed to have made. We are inclined to think that the weight of authority is against the admission of such proof under such circumstances. Thus, in an action upon a judgment it has been held that an offer to show the pecuniary ability of the defendant for many years after a recovery of judgment against him during which period he had been possessed of a large property, was properly overruled as not tending to establish a plea of payment. (*Daby* v. *Ericsson*, 45 N. Y. 786.) Again, in *Hilton* v. *Scarborough* (5 Gray, 422) the defendant to raise a presumption of payment was allowed to call a witness to prove that for several years past he had had means to pay the amount of the note in suit, but

the Supreme Judicial Court of Massachusetts declared that the admission of this evidence was erroneous, saying : " The effect of the reputed wealth of the defendant and his supposed ability to pay whenever called upon might have furnished the very reasons bearing on the plaintiff's mind to allow the note to remain uncollected." The same court in *Atwood* v. *Scott* (99 Mass. 177) said : " Experience is not sufficiently unanimous to raise a presumption that one who has the means of paying a debt will actually pay it. Accordingly it is held that the fact that a debtor has had such means is not evidence to show that the debt has been paid."

The circumstances, however, under which evidence as to the defendant's possession of money was introduced in the case at bar were very different from those which existed in *Dishno* v. *Reynolds* (*supra*), and it is not necessary to adopt or sanction the doctrine of that case in order to sustain the rulings now under review. The fact that a party pleading payment was not possessed of means to pay is competent evidence tending to disprove payment (*Atwood* v. *Scott, supra*), and where such evidence has been given by the party controverting the plea of payment or where by cross-examination he has sought to establish the inability of the adverse party to pay, it then becomes permissible for the party who has set up the payment to sustain that defense by direct proof to the effect that he possessed the requisite means.

The rule applicable in such cases is well stated by Professor Wigmore in his elaborate work on the law of evidence in these words : " The possession of means will usually not be admissible as making probable the payment or loaning of money. Where the lack of money is alleged as showing probable non-payment this lack may be denied by evidence to the contrary, *i. e.*, by proving possession." (1 Wigmore on Evidence, § 89, page 166.) This was held to be the correct rule by our Supreme Court in the case of *Phillips* v. *Lewis* (12 App. Div. 460) where there was a plea of payment and the plaintiff had given evidence tending to show that the defendant was without means to make some of the payments which

the defendant testified that she had made.   In view of such proof it was declared that the defendant might show by any competent evidence that she possessed the necessary means. The admissibility of such testimony where a question has been raised as to the pecuniary ability of the party pleading payment is clearly supported by every consideration of fairness and justice and appears to have the sanction of judicial authority wherever the question has been raised. The citation of two cases will suffice to illustrate the view which has been taken by the courts.   In *Wiggin* v. *Plumer* (31 N. H. 251, 269) evidence had been introduced the effect of which was to show the general want of ability of the plaintiff to make a certain loan which was in controversy, and the court held that this rendered it proper to receive rebutting proof tending to show that his actual means were considerable.   " No fact can in the first instance be offered in evidence unless it is material to the issue," said the court, " but evidence being introduced to prove such fact any evidence tending to disprove it thereby becomes material and admissible whether or not it would be received if offered as direct proof of the issue in the case."   In *Higgins* v. *Andrews* (121 Mass. 293) evidence was admitted to show that the plaintiff had money which he might have loaned to the defendants, and the court in overruling an exception to its admission said : " If the defendants denied that the plaintiffs had such money this evidence was competent."   The rulings of the referee in the case at bar were in accordance with judicial authority and sound reason ; the plaintiff's exceptions, therefore, afford no ground for interfering with the judgment.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.