Julia Agat, Appellee, v. Herbert M. Apflebaum, Appellant.

### Gen. No. 15,122.

EVIDENCE—*what inadmissible to show that money was not borrowed.* Where no issue of fraud is in the case, the fact that the defendant who was sued for borrowed money had at the time a much greater sum on deposit in a certain bank, is not competent as tending to support the defense that such money was not borrowed.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed May 19, 1910.

MOSES, ROSENTHAL & KENNEDY, for appellant.

FRANK F. ARING, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

On the trial in the Circuit Court of an action for money lost, the jury found the issues for the plaintiff, assessed her damages at $185, and from a judgment on the verdict the defendant prosecutes this appeal. Plaintiff testified that in February, 1903, she lent the defendant $185, and her brother testified that he, on the occasion testified to by plaintiff, was present and saw plaintiff hand defendant some money, the amount of which he did not knew. Defendant testified that he did not at any time borrow or receive from the plaintiff any money.

Appellant contends that if from the evidence the jury might properly find that a loan of money was made to the defendant, such loan was made by plaintiff's husband and not by plaintiff. We think that from the evidence the jury might properly find that plaintiff lent to defendant the sum of money sued for.

We find nothing erroneous in the remarks of the trial judge in the presence of the jury.

The defendant offered his own testimony, together with the testimony of an employe of John V. Farwell & Company, and a cashier of the First National Bank, to show that at the time of the alleged loan he had $2,200 to his credit in the First National Bank, and his firm had in excess of $4,000 on deposit with John V. Farwell & Company. This testimony was excluded.

If any of the evidence excluded was admissible it was the evidence that defendant, at the time when plaintiff testified that she lent him $185, had $2,200 to his credit in a certain bank. If the fact that the de-

fendant had $2,200 in bank at that time affords ground for a reasonable inference that he did not borrow money of the plaintiff as she alleged, then the evidence was admissible.

In Thorp v. Goewey, Admr., 85 Ill. 611, it was held that on the question of the genuineness of a promissory note presented on a claim against an estate many years after maturity, evidence that the alleged maker of the note, from the time of its date down to his death, was a man of large property, was admissible on the part of his administrator.

In Stevenson v. Stewart, Admx., 11 Pa. St. 307, it was held that in an action on a single bill of the administrator of the payee, where the defense was forgery, evidence was admissible on the part of the plaintiff to show that before and after the date of the bill the maker was trying to borrow money. In both cases the defense of forgery involved the charge of fraud and direct evidence of the fact was wanting.

In this case the defense that plaintiff's claim was unfounded did not present any issue of fraud and there was direct evidence as to the facts in issue.

Atwood v. Scott, 99 Mass. 177, was an action for money lent. The defendant testified that she had repaid the money, and was allowed to introduce evidence that about the time of such re-payment she had considerable sums of money in her possession. It was held that such evidence was erroneously admitted for the purpose of corroborating the testimony of defendant that she repaid plaintiff. In the opinion it was said that ''Experience is not sufficiently uniform to raise a presumption that one who has the means of paying a debt will actually pay it.''

The question presented is not free from difficulty, but we think that evidence that plaintiff had $2,200 in bank at the time he is alleged to have borrowed the money sued for would not warrant or support a reasonable inference that he did not borrow the money in

question, and that therefore the evidence was properly excluded.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*