WILLIAM BARDEL, Appellant, *v.* THE STANDARD OIL COMPANY OF NEW YORK, Respondent.

First Department, November 5, 1926.

Negligence — action to recover damages for injuries suffered when sidewalk doors of basement elevator were raised without warning — defendant leased portions of building but retained general control thereof and had control of elevator — defendant could not absolve itself from liability while tenants were using elevator by showing requirement that tenants protect public — evidence — prejudicial error for court to admit evidence of instructions given by defendant to its tenants and employees.

In an action to recover for injuries suffered by the plaintiff, which were caused by the sudden raising of sidewalk doors of a basement elevator in a building owned by the defendant, portions of which were rented to tenants, the defendant retaining control over that part of the building used by the tenants in common, the defendant could not absolve itself from liability by showing that while it had general control of the elevator, the elevator was, at the time of the accident, being operated ·by· a tenant, and that it permitted tenants to operate the elevator only on the express understanding that a guard would be placed on the sidewalk to warn pedestrians when the doors were to be opened.

It was prejudicial error for the court to allow the defendant to introduce evidence regarding instructions given to tenants and employees of the defendant to place a man on guard on the sidewalk when the elevator was to be operated, for such testimony was immaterial on the issue raised between the parties.

APPEAL by the plaintiff, William Bardel, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 7th day of March, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office denying plaintiff's motion for a new trial made upon the minutes.

*Jonas J. Shapiro* of counsel [*Greenbaum, Wolff & Ernst,* attorneys], for the appellant.

*Clarence S. Zipp* of counsel [*E. C. Sherwood,* attorney], for the respondent.

FINCH, J. The action is in negligence. The plaintiff, while walking upon the sidewalk on New street, borough of Manhattan, city of New York, was injured by the sudden raising of the doors of a basement elevator upon which he had stepped. The doors were raised without any warning. The issue of the negligence of the defendant was submitted to the jury, who found for the defendant.

The defendant was the owner of a building and rented separate portions of the same to various tenants, the defendant remaining in control of the portions of the building which were in the common

use of the tenants. The defendant conceded that on the day of the accident the elevator was not rented out for the exclusive use of any one tenant, but was under the general control and management of the defendant. At the time of the accident the elevator by which the plaintiff was injured was being operated by an employee of one of the tenants. The defendant testified that it had instructed the tenants not to operate the elevator without first notifying the fireman of the defendant, who would then station a man on the sidewalk to warn pedestrians. Also that the defendant further told this tenant that if the defendant for any reason could not furnish a man to safeguard the opening of the elevator at the particular time when the tenant wished to open the same, the tenant would then have to do so. The tenant opened the elevator without placing a man on guard and the warning bell, which was supposed to ring when the elevator was raised, was out of repair and did not ring.

Since the defendant remained in control of the building and the elevator in question, the duty devolved upon it to see that they were operated without negligence. If the defendant had relinquished all control over the elevator, a different question would arise. As long, however, as the defendant chose to remain in control of the elevator so that the same could be used in common by the tenants, the defendant took with this control the obligation to see that the elevator was operated without negligence, and no arrangement made by the defendant with a third party could relieve it from this obligation. In other words, the defendant turned the elevator over to be operated by the tenants in common accompanied by directions to operate it in a particular manner with reference to safeguarding the opening in the sidewalk. A disregard of the instructions still left the operation of the elevator within the power of the tenants pursuant to the permission of the defendant, and made the defendant liable for injuries due to negligent operation with reference to said opening. The duty to uncover the sidewalk with due regard to the safety of pedestrians the defendant could not escape by an attempted delegation while the elevator at the same time was operated with its permission. In *Anderson* v. *Caulfield* (60 App. Div. 560) it was held that where the owner of a tenement house retained control over a coal hole constructed by him in the sidewalk and a tenant, wishing to put in coal, obtained a key from the owner in order to open the hole, the owner was liable to a person injured by falling into the hole left unguarded by the tenant. The court said (at p. 561): " It may be conceded that the liability is based solely on negligence and not at all upon the theory of the maintenance of a nuisance. Negligence may be

said to be in a general way the failure to discharge a duty. If the defendant had given up the possession and control of the entire property to tenants, it may very well be that he would be held absolved from all duty in the maintenance of a safe sidewalk for the use of public pedestrians. That is not the question presented for determination. Having retained the control of the sidewalk and the coal hole constructed by him therein under a municipal license which carried with it the duty of seeing that the hole was properly guarded and protected, he could not exercise the privilege without discharging the duty. And that this duty could not be so delegated as to relieve him from liability for non-performance is well settled by the authorities. (*Weber* v. *Buffalo Railway Co.*, 20 App. Div. 292; *Downey* v. *Low*, 22 id. 460; *Campion* v. *Rollwagen*, 43 id. 117; *Hughes* v. *Orange County Milk Assn.*, 56 Hun, 396; *Jennings* v. *Van Schaick*, 108 N. Y. 530.) "

The facts already noted in the case at bar bring the same within the rule of law stated above.

The respondent relies on a number of cases which are claimed to absolve it from liability upon the ground that at the time of the accident the defendant was not in actual control of the elevator, since it was being operated by the tenant. The respondent overlooks the fact that the defendant was still in general control so that its permission to all its tenants to make common use of the elevator would be valid and that the tenant was operating the elevator through the respondent's permission, though disregarding one of the directions in connection with such operation. The important fact in the case is the retention by the defendant of the control of the elevator for the common use of the tenants. The respondent quotes from *Scott* v. *Curtis* (195 N. Y. 424), as follows: " When the removal of a cover from a coal hole by the owner's permission creates danger to persons passing along a sidewalk the owner is liable for any negligence in failing to see that proper safeguards or warnings are provided to reasonably protect the public from such danger. (*Weber* v. *Buffalo Railway Co.*, 20 App. Div. 292; *Mullins* v. *Siegel-Cooper Co.*, 183 N. Y. 129.) "

The respondent italicizes " by the owner's permission," apparently with the thought that the case at bar is distinguished in that the elevator was used without the defendant's permission. It appears, however, that the defendant's permission was present in the case at bar, provided the tenants safeguarded the opening. This duty of safeguarding the opening, however, the defendant, as noted above, could not delegate to the tenant. In *Kirby* v. *Newman* (239 N. Y. 470), also relied on by the respondent, and where the accident was caused by the opening of a cellar door which led from the sidewalk,

the court, while holding that there was no liability because the doors were opened by third persons not in the employ of the defendant nor having his permission so to do, nevertheless reiterated the rule applicable if the situation was as in the case at bar, saying: " Similarly where the owner has authorized another to uncover an opening, as in cases where a coal dealer removes the cover over a coal hole in order to deliver coal ordered by the owner, the owner becomes liable for any negligent failure to guard the opening while uncovered."

A new trial would also have to be granted in that error was committed in permitting the defendant to introduce evidence regarding instructions given to the tenants and to the employees of the defendant to place a man on guard on the sidewalk when the elevator was being operated. This testimony was immaterial, as has already been shown. The defendant for its own purposes wished to retain and did retain general control of the elevator, and, having this general control, there accompanied it a duty to see to it that due care was used in the operation of the elevator, so far as the opening in the sidewalk was concerned. While the defendant retained this control, it could not absolve itself from this responsibility to use due care by making agreements with others or by giving directions. Such agreements might allow the defendant to have recourse against the other parties to the agreements, but persons situated in the position of the plaintiff could look to the defendant for that degree of care the duty to furnish which rested upon the person who remained in control of the elevator, namely, the defendant. This testimony concerning instructions and directions to third parties given by the defendant would have a bearing on an issue as between the defendant and those against whom it might have recourse but had nothing to do with the issue between the plaintiff and the defendant, namely, as to whether the defendant used due care in the operation of the elevator in connection with the uncovering of the sidewalk. The introduction of the testimony on an issue immaterial to that which was being tried was prejudicial and naturally led the jury to believe that the defendant, while maintaining control of the elevator and granting permission to the tenants to use it generally, might still absolve itself by agreements and directions to the tenants to use the elevator in a particular manner.

It follows that the judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, McAVOY and MARTIN, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to the appellant to abide the event.