## McCaskell v. Purity Fibre Products Corporation et al.

*Richard H. Hollenberg*, of *Brown & Williams*, for plaintiff.

*J. B. Colahan*, for defendant.

Kun, J., November 21, 1934.—This is a suit for wages against a corporation, in which there have been joined as parties defendant shareholders of the corporation, under the Business Corporation Law of May 5, 1933, P. L. 364. One of the latter has filed a statutory demurrer raising three questions, the most serious of which is the constitutionality of the act.

The statement of claim avers that on or about June 18, 1932, plaintiff was employed by the defendant as general manager of the corporation's plant, commencing September 1, 1932, at a salary of $375 per month, and that he was paid at this rate until January 31, 1933. From that date on, plaintiff was not paid his full salary and sues for the balance due him, in the amount of $4,615. In the statement of claim filed, plaintiff alleges that the defendant shareholders are liable to him under the act of assembly for $2,250, the portion of his salary which accrued during the last 6 months of his employment.

The defendant John Wagner, in his statutory demurrer, assigns three reasons therefor. The second reason is that, so far as any claim against share-

holders is concerned, plaintiff is restricted to the recovery of salary which fell due within 6 months from the date of the filing of the present suit, as limited by the provisions of the act. The plaintiff admitted this at the argument. The other two assigned reasons are as follows:

(1) That, because the plaintiff was employed as general manager, he is not within the class contemplated by the act to secure the benefits thereof.

(2) That section 514 of the act is unconstitutional, for the reason that it impairs the obligation of contracts, in that it changes the liability of those stockholders who were members of the corporation prior to the passage of the act by increasing their obligation to its employes.

In support of the latter point, the statutory demurrer sets forth additional facts, to wit, that defendant purchased his stock on October 13, 1931, prior to the passage of the act of assembly, from which fact the contention is made that, if it is to be construed to apply to him, it impairs the obligation of the contract, inasmuch as the stock on the date it was purchased was fully paid and nonassessable. To this extent, the pleading is a speaking demurrer and invalid, both under the Practice Act of 1915 and under common-law principles. However, the parties have agreed that the court assume that the fact mentioned properly appears in the pleadings, so that the question of law may be disposed of on this argument.

As to defendant's first point, the relevant portion of section 514 of the act of assembly under consideration is as follows:

"Section 514. Liability of Shareholders.—A. A shareholder . . . shall not be personally liable for any . . . liability of the corporation, except salaries and wages due and owing to its laborers and employes, for services rendered to the corporation."

The contention is made that, since the plaintiff was engaged as a general manager, he is not an "employe" as contemplated by the act. In support of this argument, cases are referred to construing the Act of June 25, 1864, P. L. 947, sec. 7, the General Corporation Law of April 29, 1874, P. L. 73, sec. 14, and the Act of April 17, 1876, P. L. 30, sec. 3, limiting the liability of shareholders to those employes who are no more than laborers and workmen.

In the Act of 1864, the provision for individual liability of the stockholders was "for debts due mechanics, workmen, and laborers" employed by the company. A teamster engaged by the company to do hauling sought to hold the shareholders of the company individually liable. The Supreme Court ruled against this contention, pointing out that by the provisions of the act itself the liability was limited to debts due "mechanics, workmen, and laborers." Obviously, a person engaged to do hauling was not even an employe of the corporation, much less a mechanic, workman, or laborer, as contemplated by such a provision: Moyer v. Pennsylvania Slate Co. et al., 71 Pa. 293.

Under the Act of 1874, as amended, individual liability of shareholders was limited to "all work or labor done to carry on the operations of each of each of said corporations". By reason of the use of the words "work or labor" in this act, it has been limited to claims of workmen or laborers, that is to say, persons doing manual labor. The court therefore refused to apply it to the claim of a contractor who had been engaged to drill a well: Stirling v. Indiana Oil Co. et al, 28 Dist. R. 725. Likewise, it was accordingly held that a civil engineer is not a "laborer or workman" under an act giving a lien to "contractors, laborers and workmen" upon railroads and other works and property of public companies: The Pennsylvania & Delaware R. R. Co. v. Leuffer, 84 Pa. 168.

What the courts have done in these and similar cases is to construe the

words of the statutes under consideration in their generally accepted popular sense, which is the correct rule of construction, so that they limited the provisions of the acts to those who in a popular sense were laborers and workmen.

The Act of 1933 which we now have under discussion is, however, a considerable advance in terms upon the older acts. Whereas the older acts use the restricted words "workmen and laborers", the Act of 1933 at once enlarges the class of those who are to receive the benefits of such legislation by the use of the phrase "salaries and wages due and owing to its laborers and employes". There are two significant words added in this later legislation on the subject. These are the words "salaries" and "employes." The word "wages" is commonly used with reference to the pay of laborers and workmen, whereas the word "salary" may be used with reference to the pay of any employe, no matter how high his position or how large his pay. Again, whereas it is entirely proper to limit the application of the words "workmen" and "laborers" to those who do manual labor, there is no legitimate ground, in fact or in law, for in any wise restricting the word "employe" to any kind of employes, an employe being any one employed, whatever the purpose or the scope of the employment may be.

We conclude, therefore, that the plaintiff in this case, having been employed by the defendant corporation as general manager of its plant, was an employe of the corporation within the provisions of the Act of May 5, 1933, P. L. 364, sec. 514.

This brings us to the next question, which is the more vital question in the case, and that is as to the constitutionality of the act so far as it is attempted to apply it to the defendant shareholder who bought his stock in the defendant corporation before the passage of the act, the argument being that the imposition of this additional liability on such shareholder impairs the obligation of contract between the shareholder and the corporation, in that the stock was fully paid for and nonassessable. The question has not been heretofore considered in Pennsylvania, but there are many authorities in other jurisdictions which have sustained the constitutionality of similar legislation. All corporations and persons purchasing stock thereof are subject to the Commonwealth's reserved constitutional right to alter the charter, as provided in article XVI, sec. 10, of the Constitution of 1874, as follows:

"The General Assembly shall have the power to alter . . . any charter . . . in such manner, however, that no injustice shall be done to the corporators."

The question really is whether, by the imposition of this additional liability on shareholders, any "injustice" is done to the stockholders of the corporation, as the term may be construed in law. In the first place, it is to be noted that the Act of 1933 is entirely prospective, as provided in section 3(a) thereof: "Every corporation of the second class . . . shall hereafter be subject to the provisions of this act", etc., and in section 5(a): "This act shall not impair or affect any act done . . . right accruing, accrued, or acquired . . . prior to the time this act takes effect".

What the act does provide is that thereafter, if a corporation shall incur a liability for salaries to its employes and cannot pay them, its stockholders are to be liable therefor within certain limitations. If the act had attempted to make shareholders liable for salaries accruing before it took effect, then perhaps a more difficult question would be raised, although there are a number of authorities which have held that even in this situation the imposition of such liability on the stockholders was entirely constitutional and that such action on the part of the legislature was not an "injustice" done to the corporators: In re Oliver Lee and Co.'s Bank, 21 N. Y. 9; affirmed sub nom.

Sherman v. Smith, 1 Black 587; Hinckley v. Schwarzschild & Sulzberger Co. et al., 107 App. Div. 470, 95 N. Y. Supp. 537, appeal dismissed, 193 N. Y. 599; Bank of Blytheville v. State, 148 Ark. 504, 230 S. W. 550; Sleeper v. Goodwin, 67 Wis. 577, 31 N. W. 335; Melaven v. Schmidt, 34 N. M. 443; Perkins et al. v. Coffin et al., 84 Conn. 275, 79 Atl. 1070; Barth et al. v. Pock et al., 51 Mont. 418.

It must be clear that there is less question about the right of the legislature to pass similar legislation which is to act prospectively only, that is to say, imposing a personal liability on shareholders with respect to salary and wages which accrue to employes of the corporation after the passage of the act, and this right has been definitely affirmed in Pate et al. v. Bank of Newton et al., 116 Miss. 666, and Bisell, Receiver, v. Heath, 98 Mich. 472.

The case of Ireland v. The Palestine, etc., Turnpike Co., 19 Ohio 369, cited by the defendant in support of his contention, does not support a contrary doctrine, as asserted. Indeed, in the much later Ohio case of Allen et al. v. Scott, Superintendent of Banks, 104 Ohio 436, in which the court, in harmony with decisions in other jurisdictions, sustained the right of the legislature to impose such an additional liability on the stockholders of a corporation, it dismissed the Ireland case by the statement that it did not involve a discussion of the question under consideration.

The case of Woodbine Savings Bank v. Shriver, 226 N. W. 374, also relied upon by the defendant, was superseded by the case of Woodbine Savings Bank v. Shriver, 212 Iowa 196, 236 N. W. 10, affirmed in 285 U. S. 467, which permitted a change in the stockholders' liability, and was based on a change of remedy and not a change in substantive rights, so that the case is not really pertinent to the question now under discussion.

As we have stated, the precise question here involved has never been considered by any of the Pennsylvania courts. In Megargee et al. v. The Wakefield Mfg. Co., 48 Pa. 442, a statute sought to impose upon stockholders of "all companies incorporated in pursuance of the provisions of the act to which this is a supplement" an individual liability for debts due laborers. The court construed the word "incorporated", and held the statute was not retroactive. At page 443 of the opinion, the court said: "It is unnecessary to enter into any question upon the power of the legislature to impose the Individual Liability Clause upon the stockholders of companies incorporated under the original law beyond their paid-up stock, as we think the Act of 1854 will not bear the construction contended for."

It is clear, therefore, that the decision in the case was not based on constitutional grounds but on the construction of the statute involved.

We have not been convinced that the long lines of authorities in many other jurisdictions on the subject are erroneous. The legislature here, as in other States, has reserved the power at any time to alter, amend, or repeal the charter or any of its provisions. The corporators, and to the same extent persons who become stockholders of the corporation, accept these provisions, agree that they may be changed, and hold their shares of stock subject to the right of the legislature to make such changes. Under this reservation of power, it does not seem to us to be an unwarranted or unconstitutional invasion of private rights to provide by subsequent legislation that as to future wages or salary due to laborers and employes the stockholders shall be subject to a liability therefor, to the limited extent and within the limitation of time provided by the act. No question of confiscation of the stock or property of the corporation is involved in the case. As to stockholders, they are at liberty to dispose of their stock, if they do not wish to continue to hold it subject to the additional liability attaching thereto.

We conclude, therefore, that section 514 of the Business Corporation Law of 1933 is constitutional, insofar as it imposes a liability on preëxisting shareholders for wages or salary of employes accruing after the passage of the act.

The questions of law raised by the affidavit of defense are resolved in favor of the plaintiff, with leave to the defendants to file an affidavit of defense on the merits within 15 days.