MARY HALLIGAN, Respondent, *v.* BERNARD C. FITZPATRICK and Another, Appellants, Impleaded with MICHAEL MAZZEO, Defendant.

Third Department, January 23, 1935.

*W. Joseph Shanley*, for the appellants.

*Morris Simon* [*John H. Broderick* of counsel], for the respondent.

HEFFERNAN, J.  Plaintiff brought this action against defendants to recover damages for personal injuries arising out of an accident claimed to have been sustained by her because of the negligence of the defendants.  The complaint alleges in substance that the defendants Fitzpatrick were the owners in fee of certain premises located on Eighth avenue in the city of Troy, and that they entered into an agreement with the defendant Mazzeo by the terms of which the sidewalk adjoining premises of defendants Fitzpatrick was to be torn up by Mazzeo and replaced with a new concrete walk, and that pursuant to such agreement Mazzeo made an excavation in the sidewalk adjoining said premises and thereby created a dangerous nuisance to pedestrians and permitted the excavation to exist for a long period of time without barricade, or light or other warning and that as a result while plaintiff was using such sidewalk she tripped and fell into the excavation and sustained serious injuries.

The answer of defendants Fitzpatrick in addition to a general denial alleges as a separate and distinct defense that no contract was entered into between them and Mazzeo and that Mazzeo in excavating such sidewalk did it without the knowledge, consent, direction or permission of the defendants Fitzpatrick and against their instructions and that in making such excavation Mazzeo was a trespasser.

Plaintiff moved to strike out this defense as insufficient in law. The learned County Court granted such motion and it is from that ruling that the defendants Fitzpatrick have come to this court. Upon such a motion defendants must be given the benefit of the

most favorable inferences to be drawn from the facts pleaded. It may be that the allegations of the separate defense contained in this answer are not pleaded with legal precision. A pleading will not be dismissed, however, for insufficiency simply because facts are imperfectly or informally averred or because the pleading lacks definiteness and precision. On the application to dismiss, the facts stated in the defense and all that can by reasonable and fair intendment be implied therefrom must be deemed to be true. The question, therefore, is whether, admitting the facts contained in the separate defense, the pleading is insufficient as a matter of law.

It seems to us that the facts alleged in defendants' answer, if true, present a complete defense to the allegations contained in the complaint. Defendants Fitzpatrick assert that defendant Mazzeo in doing as he did was acting as a trespasser on their property and without their knowledge or consent. If that statement be true, obviously they cannot be chargeable with the acts of Mazzeo. Surely defendants are not to be held responsible for defects produced by the interference and misconduct of strangers. It is only the party who is responsible that can be held to answer.

If defendants contracted with Mazzeo for the excavation and construction in question they would then become answerable for his negligence. The fact that Mazzeo was an independent contractor would not release them from liability. The general rule is, of course, that the owner of property is not liable for the negligent acts of an independent contractor with whom he has contracted for the performance of the work. To this rule, however, there is an exception. If the work itself created the danger or injury, then the owner is liable to persons injured by a failure to properly guard the work, even though the same is intrusted to an independent contractor. The owner cannot shield himself by a plea that the work was committed to an independent contractor. (*Downey* v. *Low*, 22 App. Div. 460; *Weber* v. *Buffalo R. Co.*, 20 id. 292; *Ann* v. *Herter*, 79 id. 6; *Murphy* v. *Perlstein*, 73 id. 236; *Schiverea* v. *Brooklyn Heights R. R. Co.*, 89 id. 340; *McNulty* v. *Ludwig & Co.*, 153 id. 206.) If the defendants authorized Mazzeo to make the excavation the law then required them to keep the sidewalk in a reasonably safe condition for travel while the work was in progress. That was a duty which they owed to the public and it could not be delegated by them to Mazzeo or any one else so as to release them from liability for non-performance. (*Bardel* v. *Standard Oil Co.*, 218 App. Div. 145.)

The record in this case, however, discloses that defendants Fitzpatrick specifically deny that they ever authorized Mazzeo to interfere with the sidewalk in question. If so, they are entitled to

be exonerated.    The order under review deprives them of the right to assert this defense.

We think that the learned County Court erred in granting the application and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.