BENJAMIN F. HIGGINS *vs.* NEHEMIAH M. ANDREWS & another.

Essex. November 9. — 10, 1876. COLT, DEVENS & LORD, JJ., absent.

In an action on a promissory note, the alleged consideration of which is money lent, the admission of evidence that the plaintiff had money in a savings bank and that he withdrew it before the loan, to show that he had money which he might have lent to the defendant, affords no ground of exception.

CONTRACT on a promissory note, dated May 18, 1868, and alleged to have been made by the defendants, under the firm name of Andrews Brothers.

At the trial in the Superior Court, before *Pitman*, J., the defendant, N. M. Andrews, the only party defending, introduced evidence tending to prove that there was no consideration for the

note.   The plaintiff then offered evidence tending to prove that he, some time in May, 1868, lent the defendants $475, which was the consideration of the note declared on, and then put in the testimony of one Symonds, the treasurer of the Salem Savings Bank, tending to prove that the plaintiff had money deposited in the Salem Savings Bank, and that some time in March, 1868, it was withdrawn by his mother.   The mother testified that in March, 1868, on the order of the plaintiff, she drew from the said savings bank the sum of $475, which she immediately sent to him.

It appeared that the plaintiff was a clerk in the employ of the defendants on wages, and the evidence in question was offered and admitted to explain and corroborate his testimony in his deposition as to having in his possession the funds which he claimed to have lent the defendants.

The jury found for the plaintiff; and the first named defendant alleged exceptions.

*C. A. Sayward & W. H. Niles,* for N. M. Andrews.

*C. Sewall,* for the plaintiff.

BY THE COURT.   The order of proof was in the discretion of the court.   The evidence objected to does not appear to have been admitted for any other purpose than to show that the plaintiff had money which he might have lent to the defendants.   If the defendants denied that the plaintiff had such money, this evidence was competent.   If not, it was immaterial.   The bill of exceptions does not show that the defendants could have been prejudiced by its admission.          *Exceptions overruled.*