COMMONWEALTH *vs.* ELIZABETH S. FENNO.

Middlesex.  January 12. — 23, 1883.  FIELD & W. ALLEN, JJ., absent.

On an indictment for unlawfully using an instrument upon a woman, with intent to procure a miscarriage, the defendant's bill of exceptions stated that, in the course of the trial, there was evidence that the woman went to the house of the defendant, remained there half an hour, and then came out and met a man, who had accompanied her to the house, and that this was the time when the government contended the operation was performed; that the government, against the objection of the defendant, was further permitted to prove, as tending to show that such an operation was performed, that the woman, when she met the man, said to him, "Oh dear, I feel weak!" and that the judge ruled that all exclamations made by the woman, indicating present pain, were admissible for that purpose. *Held*, that the defendant had no ground of exception.

INDICTMENT, under the Gen. Sts. c. 165, § 9, for unlawfully using an instrument upon Margaret Coughlin, on September 26, 1881, with intent to procure a miscarriage, and thereby causing the death of said Coughlin. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

In the course of the trial, evidence was introduced tending to show that, on September 21, 1881, Coughlin went to the house of the defendant, remained there half an hour, and then came out of the house, crossed the street and there met one Stoddard, who had accompanied her to the street on which said house was situated, and near it. The government contended that an operation to procure a miscarriage, as charged in the indictment, was performed on Coughlin, by the defendant, while in the house. As tending to show that such an operation had been performed, the judge, against the objection of the defendant, allowed Stoddard to testify, in answer to a question by the government, that Coughlin, when she so met Stoddard, said to him, " Oh dear, I feel weak! " and ruled that all exclamations made by Coughlin indicating present pain were competent for the purpose for which they were offered as aforesaid.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. B. Gale & J. P. Gale*, for the defendant.

*G. Marston*, Attorney General, *& C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

HOLMES, J. There is no doubt that the exclamation was properly admitted to prove the fact of Coughlin's weakness at the time it was uttered, if any evidence of the weakness was admissible for the purpose disclosed by the bill of exceptions. *Bacon* v. *Charlton*, 7 Cush. 581. *Insurance Co.* v. *Mosley*, 8 Wall. 397, 405. There is equally little doubt that, for some purposes, the fact of Coughlin's weakness at a certain time might have been relevant. For instance, if it was otherwise established that the operation was performed upon Coughlin, and that she died of it, as alleged in the indictment, — that she entered the defendant's house strong and well and on the same day fell into her mortal illness, — proof that she left the house weak would obviously tend to fix the time of the operation. And we think

that the evidence has some tendency to show that the operation was performed.

The court have felt some difficulty with the construction of the bill of exceptions, but they do not understand it to state or warrant the inference that this was the only evidence put in. The question which is presented is simply whether this evidence was relevant to the issue, in connection with any other evidence that might have been offered. Without assuming that weakness and such an exclamation concerning it on the part of a woman, under the circumstances disclosed, were more likely to be due to bodily disturbances of a certain nature rather than of any other, or that a jury might have so found, yet with proof that Coughlin was *enceinte*, and that the defendant gave it to be understood that she relieved such cases, the evidence excepted to would have had an undeniable tendency to prove the operation. Again, it does not appear at what stage, or under what circumstances, the testimony was admitted. Suppose that the defendant had introduced evidence that Coughlin was in perfect health during the time in question. If believed, it would have gone far to prove that the crime had not been committed. Then evidence to the contrary must be one step towards supporting the indictment. We do not say that it goes far enough by itself, or that, if it stood alone, it would not be the duty of the court to instruct the jury that there was no sufficient evidence of the fact to be proved; but that is not the question which this bill of exceptions presents. See *Higgins* v. *Andrews*, 121 Mass. 293. *Exceptions overruled.*