THOMAS BURKE *vs.* MARIA KALEY, administratrix.

Middlesex.    Jan. 13. — 14, 1885.    FIELD, DEVENS, & COLBURN, JJ., absent.

In an action for money lent at different times by the plaintiff to the defendant's intestate, who was shown to have been seriously ill for several months before the alleged first loan, and to have continued in such ill health as to be unable to engage in any business to the time of his death, no exception lies to the exclusion of evidence that, at the dates of the alleged loans, he had a sum of money in a savings bank, and that, from the time of his sickness, he drew from the bank sufficient money to pay all his expenses.

CONTRACT for money lent by the plaintiff to Jeremiah Sullivan, the defendant's intestate, on September 9, 1878, and November 17, 1879. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows:

Sullivan was seriously ill for several months prior to the time of the alleged first loan, but at that time had so far recovered that he went from Boston to Marlborough, a distance of thirty-eight miles, and remained a short time, but was, from the time of his illness, unable to engage in his usual business, that of section hand on a railroad, and did not thereafter, to the time of his death in August, 1882, engage in any business.

The wife of a distant relative, but not an heir of Sullivan, testified that Sullivan resided at her house in Charlestown from some time in the year 1877 to the time of his death; that she was intimately acquainted with him; that after the trip to Marlborough he never went away from her house to remain over night; that she saw him several times daily; that he was usually around the house; that, on account of some trouble with his fingers, he was unable to write, and she did his writing, and

wrote letters for him to the plaintiff, but nothing was said in the letters about any money transactions between them; and that she did not know at any time of any such money being received by Sullivan from the plaintiff. It appeared from the cross-examination of the plaintiff that he understood that Sullivan, at the time of the alleged loans, was worth property to the amount of about $4000.

The plaintiff produced no note, memorandum, or account of any kind showing said loans; but testified that he made a charge of the loans in a book, which was then in the possession of his counsel.

To show that it was improbable that the alleged loans were made, the defendant offered to prove that, at the dates of the alleged loans, Sullivan had in two savings banks over $4000; and that, from the time of his illness, he drew from said banks sufficient money to pay all his expenses. But the judge excluded this evidence. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*F. Hutchinson & J. H. Packard*, for the defendant.

*W. B. Gale & J. W. McDonald*, for the plaintiff.

BY THE COURT. The facts that the defendant's intestate had money in two savings banks, and that he drew out enough to pay his expenses, do not necessarily tend to prove any of the issues in the case. To admit them might open the door to a wide range of inquiry upon collateral issues; and we are of opinion that the court had the right to exclude them.

*Exceptions overruled.*