ELISHA B. WORRELL *vs.* BALDWIN CHAIN AND MANUFACTURING COMPANY.

Suffolk.    November 22, 1915. — January 6, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Practice, Civil,* Exceptions.

A bill of exceptions, that states a single exception to the admission in evidence of a question and answer, which are quoted, without stating the ground of objection to the evidence or the purpose for which it was admitted or the instructions to the jury in regard to it or any of the evidence at the trial except the question and answer objected to, leaves it only for this court to say whether the evidence excepted to might have been competent in any possible aspect of the case undisclosed by the record.

In the present case it was *held,* that, assuming that the evidence in question was objectionable as hearsay or as a self-serving statement, there was nothing in the bill of exceptions to show that the excepting party suffered any prejudice by its admission, so that, so far as disclosed by the record, the evidence thus admitted was immaterial and had not "injuriously affected the substantial rights of the parties" within the meaning of St. 1913, c. 716, § 1.

DE COURCY, J. The plaintiff brought this action to recover a commission on the investment by one Wheeler of $10,000 in the

treasury stock of the defendant corporation. The issue submitted to the jury was, whether the plaintiff was the procuring cause of the sale, and a verdict was returned for the defendant. In the course of the trial one Gates, the treasurer of the defendant, was asked: "When you went up to see Mr. Wheeler to sell him this $10,000 worth of stock at his second investment, was anything said by you to him, or by him to you, about Mr. Worrell?" The witness answered, "There was not." The case is before us on the plaintiff's exception to the admission of this question.*

As the bill of exceptions does not state the ground of the objection made to the question, or the purpose for which it was admitted, or the instructions to the jury with reference to it, we have only to consider whether it was competent in any aspect of the case. *Berrenberg* v. *Boston*, 137 Mass. 231. It is difficult to pass upon this, with none of the evidence before us except the question and answer objected to. An examination of the complete record might make it apparent that the testimony in dispute tended to contradict, disprove or explain other evidence in the case. See *Jennings* v. *Rooney*, 183 Mass. 577, 580; *Commonwealth* v. *Fenno*, 134 Mass. 217.

But the short answer to the plaintiff's contention is, that, assuming that we are confined to the consideration of the isolated question and answer, and assuming further that this was objectionable as hearsay or as a self-serving statement, the meager bill of exceptions does not show that the plaintiff suffered any prejudice by its admission. Even if it was incompetent, so far as the record discloses it was immaterial and "has not injuriously affected the substantial rights of the parties." *Hobart* v. *County of Plymouth*, 100 Mass. 159, 166. *Higgins* v. *Andrews*, 121 Mass. 293. *Burns* v. *Jones*, 211 Mass. 475. St. 1913, c. 716, § 1.

*Exceptions overruled.*

The case was submitted on briefs.
*C. F. Lovejoy*, for the plaintiff.
*G. H. Mellen*, for the defendant.

---

* By *Stevens*, J., who presided at the trial.