HARRY FREEDMAN *vs.* BESSIE LIPMAN & others.

Suffolk.    March 6, 1916. — April 5, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Exceptions.    *Supreme Judicial Court.*

Where upon a bill of exceptions it appears that certain evidence, to the admission of which an exception was taken, might conceivably have been competent in some aspects of the trial and the record is so meagre that it cannot be said that the admission of the evidence adversely affected the substantial rights of the excepting party, the exception will be overruled.

Where a bill of exceptions fails to indicate that there was any evidence to which certain rulings refused by a presiding judge were applicable, the exceptions to the refusal to make the rulings will be overruled without considering whether they are sound in law or not.

Upon a petition to establish exceptions, which comes before this court upon the report of a commissioner, it is not appropriate to make a motion under St. 1913, c. 716, § 3, for an amendment of the record in this court, because the only exceptions that can be established and considered are those that the trial judge refused to allow.

Where upon a petition to establish exceptions it had been asked improperly that a copy of the charge of the trial judge might be annexed to the record, it was *said*, that an examination of the copy of the charge presented for annexation disclosed no error, for the reason that the evidence was not set forth with sufficient fullness to show that the charge was not apt and complete.

Rugg, C. J. This is an action of contract upon a promissory note. At the trial, the plaintiff contended that the consideration for the note was money, but the defendants contended that it was part of an agreement between the plaintiff, who was the tenant, and the defendants, who were his lessors, whereby the tenant promised to improve the demised premises by an expenditure of not less than $2,800, and the defendants promised to give to the plaintiff the note. The defendants offered in evidence an unsigned draft of an agreement setting out the terms of the bargain substantially in accordance with their contention, together with testimony that this draft was delivered to the plaintiff and was retained by him several days. An attorney testified that he made the draft agreement at the request of one of the defendants, "and after a talk with the plaintiff." The paper was admitted against the plaintiff's exception. It is conceivable that, in some aspects of the trial, the fact that such an agreement, drawn under the circumstances here disclosed, and put for a time in the plaintiff's possession, might be competent. *Nichols* v. *Commercial Travellers' Eastern Accident Association,* 221 Mass. 540, 547. It is for the excepting party to show that he has been prejudiced by the admission of the evidence. That does not appear from this meagre bill of exceptions. This record does not make it manifest that the admission of this evidence has adversely affected the substantial rights of the plaintiff. *Worrell* v. *Baldwin Chain & Manuf. Co.* 222 Mass. 355. St. 1913, c. 716, § 1.

The plaintiff asked the judge * to give two rulings.† There is nothing in the bill of exceptions to indicate that there was any

---

* *Fox,* J.

† "1. In the absence of any evidence of fraud practised upon the endorsers A. Lipman and Ginsberg the plaintiff is entitled to recover as against them.

2. "If the jury believe that some fraud may have been practised upon the defendant Mrs. Lipman, and if they find that no fraud was practised upon her husband, Mr. Lipman, and the indorser Ginsberg, the plaintiff may recover against them."

evidence to which these requests were applicable. It is not necessary to determine whether they are sound in law.

The plaintiff has presented a motion under St. 1913, c. 716, § 3, asking that a copy of the judge's charge be annexed to the record. This is not an appropriate instance for resort to that statute. This is a petition to establish the truth of exceptions disallowed by a judge of the Superior Court. As pointed out, with a review of authorities, when the case was here at an earlier stage, *Freedman, petitioner,* 222 Mass. 179, the matters open on such a petition are in substance only those set forth in the bill as presented to the judge and disallowed by him.

It is not inappropriate to add, that an examination of the copy of the charge discloses no error, for the reason that the evidence is not set forth with sufficient fullness to show it was not apt and sufficient.

*Petition to establish exceptions allowed.*
*Exceptions overruled.*

The case was submitted on briefs.
*E. C. Stone,* for the plaintiff.
*A. Stoneman, A. G. Gould & D. Stoneman,* for the defendants.