## EVA SOJA *vs.* VALERIAN FLIGIER.

Hampshire.        September 21, 1927. — October 13, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Evidence,* Competency, Materiality.   *Practice, Civil,* Exceptions: whether error harmful.

Where, at the trial of an action by a woman against a priest for money lent, the only evidence of delivery of money to the defendant was testimony by the plaintiff, and the defendant denied the delivery of money and testified that no loans were made but did not deny nor question the plaintiff's possession of money or her ability to lend, and the plaintiff disavowed any contention that the defendant made any withdrawals of money from bank accounts of the plaintiff, it was error to permit the plaintiff to introduce testimony that from a period before till a period after the times of the alleged loans, she had money on deposit in certain banks, and that she drew therefrom, on the days specified in the accounts, the amounts alleged to have been lent on those days, and to allow her to introduce in evidence the pass books and the ledger cards of the banks showing all entries made upon the accounts, including the entries of the withdrawals.

The error above described was prejudicial to the defendant, where it appeared that in colloquy between the trial judge and the counsel for the plaintiff in the hearing of the jury the judge said to counsel, "It's your argument, is it not, that it corroborates her testimony when she says on June first she loaned the defendant some money, if she could then go to the bank and get the bank to testify that on that day she withdrew the money?" and the plaintiff's counsel replied, "It's offered for what it's worth, and it merits consideration in the case"; since in such circumstances the evidence might have been taken by the jury to constitute proof of the loans.

CONTRACT for money lent.   Writ dated August 1, 1924.

In the Superior Court, the action was tried before *Irwin,* J. Material evidence and exceptions by the defendant are stated in the opinion.   There was a verdict for the plaintiff in the sum of $2,420.   The defendant alleged exceptions.

*D. D. O'Brien,* for the defendant.

*J. A. G. Andre,* for the plaintiff.

WAIT, J.   The plaintiff sued to recover $2,420, which she alleged she had lent to the defendant at times and in amounts set out in an account annexed.

At the trial, against exception, she was allowed to introduce in support of her declaration testimony that from a period

before till a period after the times of the alleged loans, she had moneys on deposit in the savings department of the Holyoke National Bank and in the Northampton Institution for Savings, and that she drew therefrom, on the days specified in the accounts, the amounts alleged to have been lent on those days. She was, further, allowed to put in evidence the pass books and the ledger cards of the banks showing all entries made upon the accounts, including the entries of the withdrawals. The bill of exceptions presents for our decision the propriety of the rulings.

The only evidence of delivery of any money to the defendant was the plaintiff's testimony that she gave to him the sums alleged at the times stated. The defendant denied this and testified that no such loans ever were made. He did not deny nor question her possession of money nor her ability to lend. The plaintiff disavowed any claim that the defendant made any of the withdrawals from the banks. The defendant maintained that the action was an attempt at revenge because he, in his capacity as a priest, had called her a "crazy woman"; had told her she must stop certain practices; and, after her refusal, had publicly warned his congregation to have no dealings with the plaintiff, who held herself out as a "healer" and used certain emblems of the church in the prosecution of her business.

The evidence was incompetent and immaterial. The contention that the general denial challenged the plaintiff's ability to lend and opened the door to proof thereof as a part of her direct case, is not sound. What it challenged was the fact that loans were made. The testimony corroborated her assertion that she withdrew moneys from the banks when and as she testified; but it is consistent with there being no loan to the defendant. Where no contention is set up that the lender is without ability to lend, evidence of possession of money and of ability to lend is not to be admitted as proof that a loan was made. *Higgins* v. *Andrews*, 121 Mass. 293, 294. *Wiggin* v. *Plumer*, 31 N. H. 251. Wigmore, Evidence, §§ 92, 32, 224. Similarly, ability to pay is not admissible to prove payment. *Atwood* v. *Scott*, 99 Mass. 177; or to show that one did not borrow. *Burke* v. *Kaley*, 138 Mass. 464.

The fundamental objections to the admission of such evidence in the direct case of the plaintiff, are that it tends to confuse the issue; it introduces what is immaterial and collateral matter; and it is consistent with too many innocent and reasonable explanations other than the single inference sought to be drawn from it in corroboration of the plaintiff's assertion. The facts, that she had money in the bank and that she withdrew it in certain amounts on certain days, do not force one to conclude that on those days she lent those amounts to the defendant. She may not have used them for loans. She may have made loans to a third person.

The plaintiff contends that if the evidence was immaterial the defendant was not prejudiced by its admission, and that, therefore, the exception should not be sustained. *Higgins* v. *Andrews, supra,* lends support to the contention. In the case before us, however, the colloquies between trial judge and counsel recited in the bill of exceptions, apparently in the hearing of the jurors, show that while the judge clearly stated that proof of possession and of withdrawals did not prove loans, counsel for the plaintiff asserted that "evidence of the fact that she withdrew money from a bank account on a day when she says she loans it, would be evidence that she loaned it," and replied to the judge's question — "Might she not do any one of several things with that money that she got at the bank? It's your argument, is it not, that it corroborates her testimony when she says on June first she loaned the defendant some money, if she could then go to the bank and get the bank to testify that on that day she withdrew the money?" — "It's offered for what it's worth, and it merits consideration in the case."

The evidence "taken for what it was worth" might under these circumstances have been taken by the jury to constitute proof of the loans. This would be error prejudicial to the defendant. Corroboration of immaterial matters may induce belief on material points for which corroboration is lacking. The defendant, by objecting seasonably, took precaution to guard against such a result here. In the state of the evidence, he was entitled to the exclusions he sought.

*Exceptions sustained.*