## WALTER KILLARD vs. THERESA HOHMANN.

Suffolk.    April 8, 1931. — April 14, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Evidence,* Competency, Relevancy and materiality.  *Joint Tortfeasors.*

In an action of tort against the owner of an automobile for personal injuries received by a pedestrian on a sidewalk, the defendant in his answer averred in substance that the plaintiff had received, from the owner of another automobile which had collided with the defendant's just before the plaintiff was injured, money which was in satisfaction of the damages sought in the action and that thereby his cause of action was discharged; and it appeared that the plaintiff had brought an action against the owner of such second automobile, had received from a corporation insuring him a sum of money and had given a paper entitled "Covenant not to sue," and that thereafter an entry of "neither party" was made in that action.  The plaintiff offered and the judge excluded the form of release used by that insurance company when it settled cases on the basis of liability.  *Held,* that such form properly was excluded as irrelevant.

At the trial of an action of tort it was proper to exclude evidence, offered to contradict testimony of a witness, of a transcription upon a police "blotter" of a statement made to a police officer by a second officer, who had interviewed the witness, where it did not appear who the second officer was, and the "blotter" was not shown to be a public record.

TORT.    Writ dated September 15, 1927.

In the Superior Court, the action was tried before *Beaudreau,* J.  Material evidence is stated in the opinion.  There was a verdict for the defendant.  The plaintiff alleged exceptions.

*E. Sullivan,* for the plaintiff.

*R. Gallagher,* (*N. F. Fermoyle* with him,) for the defendant.

RUGG, C.J.    This is an action of tort.  There was evidence tending to show severe personal injuries received by the plaintiff, while a pedestrian on a sidewalk, by reason of being struck and injured by an automobile owned by the defendant and operated by her agent.  Only two exceptions, both relating to evidence, are set forth in the bill.

There was conflicting evidence on the point whether, just before the injury to the plaintiff, a collision occurred between the automobile of the defendant and one owned by a person named Torrey. It appeared that the plaintiff brought an action against Torrey, and that he had received from the corporation insuring the Torrey car a substantial sum and had executed a paper entitled "Covenant Not To Sue," and that thereafter the entry of neither party was made in that action. The "Covenant Not To Sue" was introduced in evidence. The plaintiff offered the form of release used by that insurance company when it settled cases on the basis of liability. There was no error in the exclusion of this offer of proof. Although the defendant's answer set up that the money received in connection with the claim made against Torrey was in satisfaction of the damages alleged in the declaration in the case at bar and that thereby the cause of action was discharged, it cannot be said that the offer of proof was thereby made relevant. *Worrell* v. *Baldwin Chain & Manuf. Co.* 222 Mass. 355. No exception was taken to the rulings of the judge to the effect that the rights of the plaintiff in this particular were to be determined by the paper entitled "Covenant Not To Sue" and not by what the plaintiff had said about it, and that certain testimony of the plaintiff as to his realization of what rights he retained against the defendant was to be stricken out. The correctness of those rulings therefore is not before us. See in this connection *Johnson* v. *Von Scholley*, 218 Mass. 454, 457. It does not appear what ruling was made concerning the effect of the "Covenant Not To Sue" nor what instructions, if any, were given to the jury concerning it. The only exception saved was to the exclusion of the form of release. We are unable to perceive that that form was pertinent to the issues raised. Therefore it cannot be said that the plaintiff has suffered any harm. *Posell* v. *Herscovitz,* 237 Mass. 513, 516.

The driver of the defendant's automobile, called as a witness, went shortly after the accident to a police station in Boston and gave to some officer there a narration of what had happened. He was unable to identify the officer

to whom he made the statement.  An officer from that station testified that the record of the statement made on the police blotter was in his handwriting, but that he was unable to identify the one who made the report to him, and that the procedure was that the person made the statement to some other officer in the station who filled out the form containing all the material facts; that that report was then handed to him and he wrote it in the police blotter.  He was unable to tell the name of the police officer who handed him the report and was unable to identify the person who made the statement.  The statement was offered for the purpose of contradicting testimony of the driver of the defendant's automobile.  In these circumstances the record of the police station was rightly excluded; it was not shown to be a public record in itself proof of the facts there stated; the person to whom the statement was made was not called as a witness; the record was not sufficiently connected with the driver of the defendant's automobile to make it competent evidence.

*Exceptions overruled.*