THEODORE N. PRIFTI vs. PETER HENDRICK.

Middlesex.   October 6, 1943. — October 28, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Evidence*, Corroborative, Relevancy and materiality.   *Practice, Civil*,
Exceptions: whether error harmful.   *Error*, Whether error harmful.

There was no error at the trial of an action by the payee against the maker
of a promissory note in excluding a check of the plaintiff, payable to and
indorsed by one who had acted as his agent in taking the note, which
was offered in corroboration of evidence previously introduced that the
plaintiff had given the amount of the note to the agent for the purpose
of making the loan and that the defendant received that amount.
Evidence that a mortgagor had substantial deposits in banks at the time
of a foreclosure of the mortgage was not relevant to show fraud or bad
faith in the foreclosure.
In view of a verdict for the defendant, error prejudicial to the plaintiff was
shown by the admission of evidence which not only was admitted on a
ground of defence not raised by the defendant but also was not rele-
vant to establish that ground.

CONTRACT.   Writ in the District Court of Central Mid-
dlesex dated January 24, 1942.

Upon removal to the Superior Court, the case was tried
before *Beaudreau*, J., and in this court was submitted on
briefs.

*J. J. Enright & G. N. Prifti*, for the plaintiff.

*M. McWalter*, for the defendant.

Cox, J.   This is an action of contract brought by the
payee and holder of a promissory note, written for $2,300,
to recover the balance due after the foreclosure of a second
mortgage 'that was given as security for the note.   The
answer contained a general denial, plea of payment, denial
of the defendant's signature, an allegation of want of con-
sideration, and an allegation that the note was obtained by
fraud.   The jury returned a verdict for the defendant, but
they answered in the affirmative the question whether the
defendant executed the note in question.   All the plaintiff's
exceptions relate to matters of evidence.

1. There was evidence that the plaintiff's brother, an attorney, acted for him in taking the note and mortgage, and that the plaintiff sent or gave $2,300 to his brother for the purpose of making the loan in question. Upon redirect examination the plaintiff's brother testified, in substance, that a check of the plaintiff for $2,050, payable to and indorsed by the brother, but not by the defendant, represented part of the money that the plaintiff gave him. The plaintiff offered this check in evidence, stating that he intended to show that "this money" was received by his brother "to pay on this mortgage note . . . and that the proceeds were used for that purpose." The trial judge then asked how "that" was material, and the plaintiff's attorney replied, in effect, that it was material to show that the plaintiff made the advances, "as he testified he gave the money to his brother to loan . . . to the defendant." The check was excluded and the plaintiff's attorney then stated that he offered it in corroboration that the plaintiff paid his brother, and saved an exception. There was no error. The plaintiff had already introduced the direct evidence that the defendant received the amount called for by the note. It was not contended that the check was given to the defendant. He did not indorse it. "The trial judge was not bound to receive further evidence from the same witness, tending by inference to support what he had already testified positively of his own knowledge." *Commonwealth* v. *Kosior*, 280 Mass. 418, 421, and cases cited. The case of *Scollans* v. *Rollins*, 179 Mass. 346, 355, upon which the plaintiff relies, is distinguishable.

2. The defendant offered in evidence certain bank books. Upon inquiry by the judge as to how the books were material, the defendant's attorney stated that he offered the California book on the basis that the plaintiff contended that the defendant was in California in 1925. The record, however, discloses no such contention. He also stated that he offered the books on the basis of the defendant's "needing credit for this mortgage" and on the basis of his financial ability at the time this mortgage was foreclosed in 1929. The judge replied: "All right." The plaintiff's counsel objected, calling the judge's attention to the case of *Burke*

v. *Kaley*, 138 Mass. 464. The judge then stated that he did not attach any importance to taking the books as exhibits, but that he saw no objection to reading the dates and the amounts. He then stated: "There is a question of fraud that you set up here. It may or may not be pertinent, the fact that you say he was in Concord at that time, and had means to pay this mortgage might be an item for the jury to consider, only for that purpose you can put in the dates and the amounts, but the books themselves I don't think we need them." The plaintiff excepted. The dates and amounts, which seem to have appeared in the books, were then read into the record. Whereupon the judge said: "As far as this note is concerned to make it clear that I am not admitting these books for the purpose of showing that the note was signed or unsigned or valid or invalid, or taken with fraud. I want to be clear about that. If you men are going to argue that he was around here and the foreclosure was made, and I assume that something is going to be said about where he couldn't be found. I don't know whether it is going to assist the jury in that respect or not. If it does I am admitting it for that purpose, but I want to be clear about it." See *Soja* v. *Fligier*, 261 Mass. 35, 37.

We think that it is sufficiently clear from what the judge said, that he specifically limited this evidence to the question of fraud. The only fraud alleged in the answer was that the note was obtained by false representation and fraud. It was not alleged that there was any fraud or bad faith in the foreclosure of the mortgage. Moreover, it was admitted by the defendant that the mortgage was foreclosed according to law. The judge made it clear that the evidence was not admissible for the purpose of showing that there was any fraud in the circumstances surrounding the taking of the note. The judge, however, from what he said, seems to have had in mind that the question of fraud in the foreclosure of the mortgage was involved. He assumed that something was going to be said "about where . . . [the defendant] couldn't be found." But there was evidence that the defendant was in the office of the plaintiff's brother a few weeks before the foreclosure, and that he was told that the mort-

gage was to be foreclosed. The defendant testified that he had been in Concord and Boston since 1923. The mortgage was foreclosed on June 15, 1929. The defendant denied that he was ever told that the mortgage was to be foreclosed. The mortgage deed contains no provision for notice to the defendant of a foreclosure sale other than by publication. See *DesLauries* v. *Shea*, 300 Mass. 30, 36, and cases cited. The jury could have disbelieved the evidence as to personal notice to the defendant of the foreclosure. If we assume, without deciding, that the circumstances of the case, as disclosed by the record, required that in the exercise of good faith the defendant was entitled to such notice, nevertheless, we are of opinion that the fact that he had money in the savings banks had no bearing upon any question of fraud or bad faith in the foreclosure.

The defendant testified that he never signed the note in question and that he never received any money from the plaintiff or from the plaintiff's brother. Although the answer set up payment, the defendant did not contend that he ever paid the note. It is unnecessary in the circumstances to consider whether, if the defendant had contended that he paid the note, the evidence of bank deposits would have been admissible in support of this contention. See *Atwood* v. *Scott*, 99 Mass. 177; *Higgins* v. *Andrews*, 121 Mass. 293; *Soja* v. *Fligier*, 261 Mass. 35, 36, and cases cited.

The defendant contends that the evidence in question was admissible as tending to rebut other evidence to the effect that the defendant had said that he did not have any money with which to pay the note. It is unnecessary to consider this point. It is true that the defendant testified that, in 1929, he had $4,000 in three banks. The difficulty, however, is that the evidence admitted as to the dates and amounts appearing in the bank books was expressly limited by the judge. See *Baker* v. *Gavitt*, 128 Mass. 93, 96–97; *Whitten* v. *Haverhill*, 204 Mass. 95, 103; *Rothwell* v. *First National Bank of Boston*, 286 Mass. 417, 422. Moreover, the jury must have understood that the evidence in question was admitted as bearing upon the question of good faith in the foreclosure of the mortgage.

We are of opinion that there was error in the admission of the evidence, and that it was prejudicial. Although the jury found that the defendant signed the note, the verdict was for the defendant. It is unnecessary to speculate as to the grounds of the verdict other than to say that it is within the range of possibility that the jury may have concluded that there was bad faith in the foreclosure, and that in reaching this conclusion they were permitted to make use of this evidence. The judge's charge is not reported, but the bill of exceptions states that it contains all material rulings made and all the evidence material to the points raised and the issues involved. From this we take it that no later instructions were given that in any way affected what the judge said in admitting the evidence in question. It is to be presumed that the jury followed what the judge said as to the purpose for which the evidence was received. It is possible that they may have concluded that, if the defendant had been notified of the impending foreclosure, despite his contention that he never signed the note, nevertheless, the fact that he had substantial bank deposits at the time of the foreclosure was some evidence that he would have paid the note. We think that to permit any such possible conclusion was error, and that it was prejudicial.

Inasmuch as the plaintiff is entitled to a new trial, it is unnecessary to consider his other exceptions. The questions involved are of such a character that it is fair to assume that they will not arise again.

*Exceptions sustained.*