FRANCIS P. CUCCHIARA *vs.* MICHAEL J. SETTINO.

Suffolk.     October 1, 1951. — November 27, 1951.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Practice, Civil,* Exceptions: whether error harmful. *Error,* Whether error harmful.

In an action for assault alleged to have been committed upon the plaintiff by the defendant, who alleged in his answer that he acted in self defence, the admission of an answer by the defendant to a question asked on cross-examination, that at one time he had been a professional boxer, if error, was harmless to him, and his exception thereto must be overruled, where he also testified that he was neither well acquainted with boxing nor very successful at it, had lost his only two bouts, and would not try to react to resentment by using his hands.

TORT. Writ in the Superior Court dated August 31, 1948. The action was heard by *Fairhurst,* J., without a jury.

*E. J. Murray,* (*W. E. Doherty, Jr.,* with him,) for the defendant.

*F. W. Griffin,* (*W. A. Doherty* with him,) for the plaintiff.

WILKINS, J. In this action for assault and battery, the judge found for the plaintiff. The answer alleges that the defendant acted in self defence. The only exception relates to the admission of an answer to one question asked in cross-examination of the defendant. The meager bill of exceptions contains certain questions and answers in the defendant's cross-examination and no other evidence.

The entire course of the cross-examination, so far as contained in the record, was as follows: The defendant, when asked if he had a full sized hand, answered, "196 pounds," and denied that it would make two of the plaintiff's counsel's hand. He was asked, "You have been a boxer, haven't you, professionally?" and, subject to his exception, answered, "Professional." He testified that this was in Boston, and that he was not "pretty well acquainted with boxing." The next question, "And if you resent anything that is said to you you know what to do with your hands?" was answered, "I wouldn't try to that way." He further testified that he did not know what one would call a professional boxer; that he had lost a bout; that he had had two bouts with a man and lost both of them; that he was not very successful as a boxer; that he did get into the game, but did not know all the rudiments; that he did not know all the things that went to make up a professional boxer; that he did not know "all the fancy punches and the names they are called"; that he probably would be a professional boxer if he did; and that he did not know as much as plaintiff's counsel thought.

The defendant relies upon *Brennan* v. *Bongiorno,* 304 Mass. 476, 477, where it was held that it was prejudicial error in a jury trial of an action for assault to allow the plaintiff to introduce, through a witness called by him, testimony as to the reputation as a fighter in the prize ring of the defendant's employee who was charged with committing the assault. The defendant also relies upon the general

principle often quoted, "The fact that a person's habits or character are such that he would be apt to do an act is not competent evidence that he did the act." *Commonwealth* v. *Rivet*, 205 Mass. 464, 466. See *Davidson* v. *Massachusetts Casualty Ins. Co.* 325 Mass. 115, 122–123. Assuming, for the purposes of this case, but not so deciding, that it was not permissible in cross-examination of the defendant, a party to the case, to show that he had been at one time, however briefly, a professional boxer, we are nevertheless of opinion that the substantial rights of the defendant have not been affected. G. L. (Ter. Ed.) c. 231, § 132. The defendant also testified that he was neither well acquainted with boxing, nor very successful at it, had lost what appear to have been his only two bouts, and would not try to react to resentment by using his hands. The burden was upon the excepting party to show error. *Worrell* v. *Baldwin Chain & Manuf. Co.* 222 Mass. 355, 356. *Freedman* v. *Lipman*, 223 Mass. 471, 472. *Pendleton* v. *Boston Elevated Railway*, 266 Mass. 214, 218–219. *Noel* v. *Archidacono*, 288 Mass. 20, 22. This the defendant has not done.

*Exceptions overruled.*